IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            )
                                    )
           v.                       )        Criminal No. 19-50
                                    )
CHRISTOPHER MORRISON                )

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christy Criswell Wiegand, Assistant United States Attorney for said District, and respectfully submits the following Sentencing Memorandum to assist the Court in imposing a fair, reasonable, and just sentence.

On March 4, 2019, defendant Christopher Morrison entered a plea of guilty to Count One of the Information at Criminal No. 19-50, admitting to possession of material depicting the sexual exploitation of a minor, contrary to the provisions of 18 U.S.C. §§ 2252(a)(4)(B).

A sentencing hearing is presently scheduled for October 1, 2019, before this Honorable Court. In advance of the sentencing hearing, the government hereby submits this Memorandum to the Court. The following factors should be of relevance to the Court in fashioning a fair and just sentence in this case.

## I.       UNITED STATES SENTENCING GUIDELINES

The United States Supreme Court has instructed that "district courts must begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013) (quoting *Gall v. United States*, 522 U.S. 38, 49 (2007)). Sentencing decisions are to be "anchored by the

Guidelines," and appellate courts may presume that guideline sentences are reasonable.  *Peugh*, 133 S.Ct. at 2083.   When considering a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification ***is sufficiently compelling*** to support the degree of the variance."  *Id*. (citing *Gall*, 522 U.S. at 50) (emphasis added).   "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."  *Gall*, 522 U.S. at 47 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

In this case, the Sentencing Guidelines recommend a sentence of imprisonment of 78 to 97 months after acceptance of responsibility, based upon the seriousness of Morrison's offense, various applicable enhancements, and the defendant's criminal history.

## II.    TITLE 18, UNITED STATES CODE, SECTION 3553

The factors cited under Title 18, United States Code, Section 3553, are as follows:

**(1)    18 U.S.C. § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant**

### The Nature and Circumstances of the Offense

On June 20, 2018, the Adams Township Police Department stopped a red Nissan for having an inoperable passenger side registration light.  Morrison was driving.  During the stop, he provided written consent for the search of his phone.  Following the traffic stop, during the extraction of the contents of the phone, the police observed multiple images of suspected child pornography, at which point they stopped proceeding the phone and obtained a search warrant for it.

A forensic review of Morrison's phone revealed approximately 700 images, 11

videos, and multiple screen captures of child pornography.  Some of the images of child pornography depicted prepubescent minors, and minors who are bound at the ankles with their mouths duct taped.

On November 17, 2018, a federal search warrant was executed at Morrison's residence.  Morrison admitted that he had downloaded the child pornography that was found on the phone seized by Adams Township.  He further stated that he used the child pornography for sexual gratification and kept it on his phone.  He also informed law enforcement that the children in the pornography ranged in age from 2 to 18 years old.

**<u>The History and Characteristics of the Defendant</u>**

The defendant, age 26, has two criminal convictions for disorderly conduct, which were resolved in 2013 and 2016.

The defendant was born and raised in Pittsburgh, Pennsylvania.  He lives with both parents.  He had "a good upbringing," and enjoys close relationships with his parents and siblings.  He is in good physical health.  Defendant Morrison has a history of substance abuse, including marijuana and amphetamines.

The defendant graduated from Avonworth High School in 2011, and attended the Community College of Allegheny County between 2014 and 2017, receiving sufficient credits for an Associate Degree in Welding Technology.  He reports having been employed full-time since 2012, and since June 2015, he has been employed full-time as a welder at Bethlehem Wire and Fence in Pittsburgh.   He has never been married and does not have any children.

The defendant has accepted responsibility and pleaded guilty to the instant offense, saving the government time, money, and resources.  The applicable advisory guideline

range, after acceptance of responsibility, is 78 to 97 months' imprisonment (OL 28, CHC I), which reflects the serious nature of his criminal conduct, as well as his criminal history.

> **(2)    18 U.S.C. § 3553(a)(2)(A) – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense**

The defendant's conduct in this case is very serious in that he regularly downloaded and viewed images depicting the sexual exploitation of children, including prepubescent children and children bound at the ankles by duct tape.  The government submits that a Guidelines Range sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

> **18 U.S.C. § 3553(a)(2)(B) – the need for the sentence imposed to afford adequate deterrence to criminal conduct**

The nature of the defendant's conduct is violent, and a significant term of imprisonment is critical to preventing him from committing similar crimes in the future.   The defendant's conduct will have a lasting, if not permanent, negative effect on numerous child victims.

> **18 U.S.C. § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes of the defendant**

The defendant acknowledges regularly downloading and viewing images depicting the sexual exploitation of children for his sexual pleasure.  The Court must fashion a sentence which is more likely to prevent him from returning to the same or similar criminal activity and which will serve to protect the public from further crimes of this defendant.

**(3)      18 U.S.C. § 3553(a)(3) – the kinds of sentences available**

The defendant faces a statutory term of imprisonment of not more than 20 years. In addition to a term of imprisonment, the Court must impose a term of supervised release of at least five years and up to life, pursuant to 18 U.S.C. § 3583(k) and USSG § 5D1.2(b)(2).   The defendant is ineligible for a sentence of probation.  *See* 18 U.S.C. § 3561(a)(2) and USSG § 5B1.1, comment n.2.

**(4)      18 U.S.C. § 3553(a)(4)(A) – the kinds of sentence and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines**

The government and the defendant concur that the defendant's total offense level after acceptance of responsibility is 28.   The United States concurs with the Presentence Investigation Report ("PSIR") that the defendant's criminal history category is I, and the defendant has not filed any objections to the PSIR.   The advisory guideline range is, therefore, 78 to 97 months' imprisonment.   His guideline range for a term of supervised release is five years to life.   In accordance with 18 U.S.C. § 3663A, restitution must be ordered in this case as to the victims depicted in the images which are the subject of the count of conviction, should they make such a request.   The PSIR writer has not identified any factors that would warrant a departure from the guideline range.  *See* PSR ¶ 82.

**(5)      18 U.S.C. § 3553(a)(5) – any pertinent policy statement**

The United States is not aware of any pertinent policy statements for the Court to consider.

(6)   **18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

Defendant Morrison is the only person charged in the instant case. The government submits that imposition of a Guidelines Range sentence in this case will serve the interest of avoiding unwarranted sentencing disparities. The United States respectfully submits that defendant's request for a downward variance (ECF No. 22), particularly one seeking to cut the defendant's Guidelines Range in half, is not appropriate in this case. The handful of cases from this district that the defendant has cherry-picked in support of this motion predominately involved different charges than this case, (e.g. distribution of material depicting the sexual exploitation of a minor, or receipt of material depicting the sexual exploitation of a minor, as opposed to possession of material depicting the sexual exploitation of a minor). Those cases also involved different defendants, different conduct, and different criminal histories. Under the facts of this case, a Guidelines Range sentence is appropriate and will serve the interest in avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

(7)   **18 U.S.C. § 3553(a)(7) – the need to provide restitution to any victims of the offense**

As indicated above, restitution must be ordered as to the victims depicted in the images that are the subject of the offense of conviction. To date, as set forth in the PSIR, four child victims whose images were located on the defendant's electronic devices have submitted requests for restitution. The United States has provided information regarding the restitution

requests to the federal Probation Office, and defense counsel is also aware of the requests.   The United States expects that counsel for defendant will seek to reach a resolution with counsel for the victims who have requested restitution regarding the amount of restitution to be paid to each victim.   The Court, in fashioning an appropriate sentence, should consider the content of the victim impact statements and restitution requests.

### III.   CONCLUSION

WHEREFORE, for all of the foregoing reasons, the government respectfully submits that a term of incarceration within the advisory Guidelines Range is appropriate in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

s/ Christy C. Wiegand
CHRISTY CRISWELL WIEGAND
Assistant United States Attorney
(412) 894-7452 (Phone)
Christy.Wiegand@usdoj.gov
MA ID No. 647903